**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| Paul Chacon, | Civil Action No.: 3:14-cv-00008 |
| Plaintiff, | |
| v. | |
| The University of Phoenix, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Paul Chacon, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      The Plaintiff, Paul Chacon ("Plaintiff"), is an adult individual residing in El Paso, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

4.      The Defendant, The University of Phoenix, Inc. ("Phoenix"), is an Arizona business entity with an address of 4025 South Riverpoint Parkway, Phoenix, Arizona 85040, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5.       Within the last four (4) years, Defendant contacted Plaintiff by placing two (2) calls daily to Plaintiff's cellular telephone, number 915-xxx-9948.

6.       The calls from Defendant originated from the following telephone numbers, including but not limited to, (800) 452-XXXX.

7.       At all times mentioned herein, Defendant contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8.       Plaintiff has no prior relationship with Defendant and did not provide his consent to Defendant to be contacted on his cellular phone.

9.       When answering each of Defendant's calls, Plaintiff heard a five (5) second period of silence before a live representative came on the line.

10.      During the initial conversation and each thereafter, Defendant stated it was calling for Victoria Delarosa.  Plaintiff promptly informed Defendant that it had the wrong number as he did not know Victoria and she could not be reached at his cell phone.

11.      Accordingly, Plaintiff requested Defendant cease calling his cell phone.

12.      Despite the foregoing, Defendant proceeded to place countless ATDS calls to Plaintiff's cellular phone, much to his aggravation and frustration.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16.     Defendant's telephone systems have some earmarks of a predictive dialer. Oftentimes when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to live person.

17.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Plaintiff did not provide his consent to be contacted on his cellular telephone, and in fact instructed Defendant that it had the wrong number, to stop all calls to him and cease calling his cellular telephone.

19.     Regardless, Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that he was not the person they were looking for and

3

knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

23.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.   Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2.   Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.   Such other and further relief as may be just and proper.

4

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 6, 2014

Respectfully submitted,

By: __*/s/ Sergei Lemberg*_____
Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
*Attorneys for Plaintiff*